**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Civ. No. 12-mc-11 (PJS/JJK) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Brad J. Montagne, | |
| Respondent. | |

**INTRODUCTION**

This matter is before the undersigned Magistrate Judge pursuant to the provisions of Title 28 U.S.C. § 636(b)(1) and Local Rule 72.1 and on the Government's Petition to Enforce Internal Revenue Summons of the United States[1] (Doc. No. 1), and on the Respondent's Motion to Quash (Doc. No. 4). For the reasons stated below, this Court recommends that the Government's Petition be granted and that the Respondent's Motion to Quash be denied.

---

[1]   When addressing a petition to enforce an Internal Revenue Service summons, a magistrate judge enters a report and recommendation rather than a final order.  *See United States v. Mueller*, 930 F.2d 10, 12 (8th Cir. 1991); *see also United States v. Fond du Lac Reservation Bus. Comm.*, 906 F. Supp. 523, 525 (D. Minn. 1995) (adopting report and recommendation).

## BACKGROUND[2]

To further an Internal Revenue Service ("IRS") investigation into the collectability of Respondent's tax liabilities, Revenue Officer Richard Wallin issued an administrative summons to Respondent. As explained in Officer Wallin's declaration, he issued the summons to Respondent to obtain testimony and examine Respondent's books, papers, records, or other data relating to his tax liabilities for the years 1996 through 1999, 2003 through 2004, and 2010. In the summons, Respondent was instructed to appear before Officer Wallin and bring with him certain documents and records on November 21, 2011.

Respondent did not appear at the scheduled meeting, nor has he appeared before Officer Wallin since the summons issued. There is no dispute that the IRS still does not have possession of the information sought by the summons, and Officer Wallin testified that Respondent's requested testimony and the examination of the books, papers, records, and other data sought are necessary to collect the federal income tax liability for the time periods covered by the investigation and to collect the civil penalty imposed for the taxable period ending December 31, 2010.

---

[2]   The factual information reflected in this Report and Recommendation is taken from the Declaration of Richard A. Wallin attached to the Government's Petition (Doc. No. 1, Ex. 1 Decl. of Richard A. Wallin ("Wallin Decl."), *passim*), and from the text of the summons itself (Doc. No. 1, Ex. 2). Although Respondent submitted some documents at the hearing on this matter that purport to be affidavits, the matters addressed therein are not factual averments of which he claims to have personal knowledge. Thus, Respondent has produced no relevant evidence in this matter.

On February 2, 2012, the Government petitioned this Court for the enforcement of the IRS summons.  (Doc. No. 1.)  This Court issued an Order to Show Cause, requiring Respondent to appear before it and explain why he should not be compelled to obey the summons and ordering him to file and serve a written response to the Petition, supported by appropriate affidavits, along with any motions he wished to make.  (Doc. No. 2.)  On March 2, 2012, Respondent filed a Motion to Quash the IRS summons (Doc. No. 4), and a document styled "Points and Authorities in Opposition to Hearing: Motion to Quash," which this Court has taken together to comprise Respondent's objection to the Government's Petition (Doc. No. 5).  This Court held a hearing on March 15, 2012, at which Respondent submitted additional documents to the undersigned, and these submissions have been made part of the record in this case.  (*See* Doc. Nos. 9–11, 13–16.)  The Government has, at the direction of this Court, filed its response to these additional materials (Doc. No. 18), and this Court has considered the full record in making the following findings and recommendation.

## DISCUSSION

To determine the correctness of a tax return, the liability of any person for any internal revenue tax, and to collect any such liability, the IRS has the power to issue summons to examine relevant books, papers, records or other data, and to take the relevant testimony of any person.  26 U.S.C. § 7602(a).  Such summonses are not self-enforcing.  *In re Testimony of Arthur Anderson & Co.*,

3

832 F.2d 1057, 1059 n.2 (8th Cir. 1987).  If a taxpayer refuses to comply with the summons, the United States may seek judicial enforcement to compel production of the information sought.  *United States v. Carter*, 988 F.2d 68, 69 (8th Cir. 1993).  Federal district courts have jurisdiction to enforce such a summons under 26 U.S.C. § 7604.

To obtain judicial enforcement of the summons, the Government must establish a prima facie case by showing that: (1) the IRS investigation is being conducted for a legitimate purpose; (2) the inquiry may be relevant to that purpose; (3) the information sought is not already within the Commissioner of the IRS's possession; and (4) that the administrative steps required by the Internal Revenue Code have been followed.  *See United States v. Powell*, 379 U.S. 48, 57–58 (1964).  The IRS may establish a prima facie case for enforcement of a summons by a "minimal showing of good faith compliance with summons requirements."  *United States v. Norwood*, 420 F.3d 888, 892 (8th Cir. 2005). This good faith can be demonstrated by the affidavit of an IRS agent.  *Id.*  Once the IRS establishes a prima facie case, the burden shifts to the summoned party to disprove one or more of the *Powell* factors, or to "'demonstrate that judicial enforcement of the summons would constitute an abuse of the court's process.'" *United States v. John G. Mutschler & Assocs., Inc.*, 734 F.2d 363, 367 (8th Cir. 1984) (quoting *United States v. Lask*, 703 F.2d 293, 297 (8th Cir. 1983)).

Here, the Government has met the requirements for the summons to be enforced.  Specifically, Officer Wallin's declaration establishes that the testimony

4

and documentation requested are necessary and appropriate for enforcement of the internal revenue laws and that the books, papers, records, and other data sought are not already in the possession of the agency. According to the declaration, all administrative steps required for issuance of the summons were taken. Jurisdiction and venue are proper, as the record reflects that Respondent resides in Moose Lake, Minnesota. *See* 26 U.S.C. § 7402. Thus, the Government has sufficiently met its burden to make out a prima facie case that enforcement is appropriate. *See United States v. Fond Du Lac Reservation Bus. Comm.*, 906 F. Supp. 523, 527 (D. Minn. 1995).

Respondent has presented no evidence to disprove one or more of the relevant factors or otherwise demonstrated that enforcement of the summons would constitute an abuse of the Court's process. Instead, Respondent has filed a Motion to Quash and lengthy "Points and Authorities in Opposition to Hearing: Motion to Quash." These two documents, along with the submissions Plaintiff provided at the hearing, are replete with arguments "reminiscent of tax-protester rhetoric that has been universally rejected by [the tax court] and other courts." *Williams v. Comm'r*, 114 T.C. 136, 138–39 (U.S. Tax Ct. 2000). For example, Respondent's submissions appear to be based in large part on the contention that this Court lacks jurisdiction to enforce an IRS summons. (*See, e.g.*, Doc. No. 5 at 1–3; Doc. No. 10 at 3; Doc. No. 11 at 7; Doc. No. 11-1 at 1–4.) However, it is settled law that the United States District Courts have jurisdiction

5

to enforce an IRS summons. 26 U.S.C. §§ 7402(b), 7604(a)[3] & 28 U.S.C. §§ 1340, 1345. Respondent also appears to assert that the IRS lacks the authority to enforce the Internal Revenue Code because it is not an "agency" of the United States. (*See* Doc. No. 4 at 3; Doc. No. 5 at 4–5.) This argument fails as well. *See Donaldson v. United States*, 400 U.S. 517, 534 (1971) (stating "that the Internal Revenue Service is organized to carry out the broad responsibilities of the Secretary of the Treasury under § 7801(a) of the 1954 Code for the administration and enforcement of the internal revenue laws"); *United States v. Fern*, 696 F.2d 1269, 1273 (11th Cir. 1983) (concluding that "the Internal Revenue Service is a 'department or agency' of the United States").

Among his other arguments, Plaintiff contends that the federal income tax is voluntary (Doc. No. 9 at 12–13), and that his religious beliefs and his status as a "minister" in the "state" of "Heaven" preclude enforcement of the IRS summons in this case (Doc. No. 11 at 10). These and Respondent's other remaining contentions have also been uniformly rejected by the courts that have considered them, and this Court will not painstakingly address each of Respondent's remaining arguments "with somber reasoning and copious citation of precedent

---

[3] Section 7604(a) provides that jurisdiction to enforce a summons under section 7602 lies in the United States District Court for the district in which the summoned party "resides or is found," and the evidence before this Court demonstrates that the summoned party, Respondent, resides in the District of Minnesota.

[because] to do so might suggest that these arguments have some colorable merit." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984).

## IV.   RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's Petition to Enforce Internal Revenue Service Summons (Doc. No. 1) be **GRANTED**; and

2.   Respondent's Motion to Quash (Doc. No. 4), be **DENIED**.


Date: April 10, 2012

s/Jeffrey J. Keyes
JEFFREY J. KEYES
United States Magistrate Judge

Under D. Minn. Loc. R. 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 24, 2012, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.